IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Johnson,<br><br>    Petitioner,<br><br>vs.<br><br>Rene G. Garcia, Warden,<br><br>    Respondent. | No. CV-12-403-TUC-JGZ-DTF<br><br>**REPORT & RECOMMENDATION** |

    Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241.[1] Petitioner, James Johnson, while confined in the Federal Correctional Institute in Safford, AZ, alleges that the Bureau of Prisons (BOP) violated his due process rights by sanctioning him for conduct that he did not have notice was prohibited. Petitioner requests the sanctions be expunged and good time credits restored. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for a Report and Recommendation. Before the Court are the Petition (Doc. 1) and Respondent's Answer (Doc. 9).

## BACKGROUND

    Johnson is serving a 126-month sentence, with a five year supervised release term, for 2006 drug convictions. (Doc. 9, Ex. 1, Attach. 2.) BOP projects his release date as December 3, 2015, with all available good time credits. (*Id.*)

---

    [1]     Due to Petitioner's transfer to Federal Correctional Institution Englewood, Colorado, Respondent has been changed to Rene G. Garcia, his current custodian, as provided by Federal Rule of Civil Procedure 25(d).

On September 12, 2011, at approximately 11:00 a.m., the Special Investigative Supervisor's (SIS) office intercepted incoming mail addressed to Petitioner. (Doc. 1, Ex. 1.) The mail was labeled "Return to Sender, Attempted, Not Known." (*Id.*) The letter contained two photos of Petitioner, a self addressed stamped envelope to the Internal Revenue Service (IRS), and a hand written letter with instructions to mail the enclosed envelope as soon as possible. (*Id.*) Inside the envelope addressed to the IRS there was an Administrative Offset Notice with the following demand written in red ink:

> Money Order
> Accepted for Value Exempt from Levy
> Pay to the U.S. Treasury for JAMES JOHNSON
> Account No. 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
> Exemption No.: 185702511
> Dollar Amount: $11,385.39
> Dated: 9/5/11
> Signed by James Johnson

(*Id.*) Within the hour, SIS Tech C.L. Cranford wrote an Incident Report, and Johnson was charged with attempted stealing, in violation of Code 219A.[2] (*Id.*) Later that day, the Incident Report was delivered to Petitioner by Lieutenant Bailey. (*Id.*)

The following day, Petitioner appeared before the Unit Disciplinary Committee. (*Id.*) At that time, he made the statement, "I want to know how this is attempted stealing?" (*Id.*) The UDC referred the matter to the Disciplinary Hearing Officer (DHO). (*Id.*) Prior to the hearing with the DHO, Petitioner acknowledged that he had been advised of his rights at the upcoming hearing. (*Id.*, Ex. 3.)

On September 28, 2011, Petitioner appeared at a hearing before DHO Wayne Elie, along with Staff Representative J. Brown. (*Id.*, Ex. 4 at 1.) There, Petitioner admitted to the conduct in the incident report, but continued to ask, "how is it stealing?" (*Id.*) DHO Elie read the definitions of stealing and attempted, and Petitioner agreed that it was attempted stealing. (*Id.*) DHO Elie then found that Petitioner had committed the act. (*Id.* at 2.) Petitioner was sanctioned

---

[2] The "A" was added to indicate that the conduct was attempted.

with the loss of 27 days of Good Conduct Time, 15 days in disciplinary segregation (suspended pending 180 days of clear conduct), and loss of visiting, telephone and email privileges for 6 months. (*Id.*)

Petitioner requested administrative relief with the Western Regional Office on October 14, 2011. (*Id.*, Ex. 5 at 1.) His appeal was denied on November 10, 2011. (*Id.* at 2.) He then appealed to the Central Office on December 5, 2011. (*Id.*, Ex. 6.) The Central Office did not respond by February 3, 2012, which can be considered as a denial (*id.*, Ex. 7). *See* 28 C.F.R. § 542.18.

## **ANALYSIS**

Johnson argues the disciplinary action violated his federal due process rights. Specifically, Johnson claims that his rights were violated because he was not provided with fair notice that enclosing a letter to the IRS in outgoing mail for purposes of having another person on the outside mail the letter constituted a sanctionable offense. The government concedes that Johnson has exhausted his remedies. (Doc. 9 at 5.)

An inmate may obtain relief under § 2241 for loss of good time credits if the prison disciplinary proceeding did not comply with due process. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). At a disciplinary hearing, due process requires that the inmate: (1) receive written notice of the infraction(s) at least 24 hours before the disciplinary hearing; (2) has a right to call witnesses unless it would be unduly hazardous to institutional safety or correctional goals; (3) is entitled to assistance in preparing and presenting a defense to the disciplinary charge; (4) is entitled to a copy of the disciplinary findings; and (5) has a right to have a sufficiently impartial decision maker. *Wolff v. McDonnell*, 418 U.S. 539, 563-571 (1974). In order to comport with due process, a disciplinary decision must have some support, but only by "some evidence" in the record. *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 445-56 (1985) ("Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence

applies in this context.") Petitioner does not argue that any of the *Wolff* rules were violated, and the record demonstrates that Petitioner received the constitutional process that he was due and the decision is supported by some evidence.

Petitioner instead argues his due process rights were violated because he did not have notice of this conduct being prohibited by Code 219.[3] Petitioner bases this argument on a contention that his conduct does not fit within the definition of stealing. (Doc. 1 at 15.) Petitioner is correct that "[d]ue process requires fair notice of what conduct is prohibited before a sanction can be imposed." *Newell v. Sauser*, 79 F.3d 115, 117 (9th Cir. 1996) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). However, in the prison setting, the degree of specificity required is lower. "Due process undoubtedly requires certain minimal standards of specificity in prison regulations, but we reject the view that the degree of specificity required of such regulations is as strict in every instance as that required of ordinary criminal sanctions." *Meyers v. Alldredge*, 492 F.2d 296, 310 (3d Cir. 1974). "As such, it is nearly impossible for prison authorities to anticipate, through a narrowly drawn regulation, every conceivable form of misconduct which threatens prison security." *Id.* It can be concluded that the prohibition of the regulation can be general and broadly interpreted.

To determine what is meant by the word "stealing," we will look to the dictionary to define the term, as did both Petitioner and the DHO. The American Heritage Dictionary (5th Ed. 2011) defines steal as "to take (the property of another) without right or permission." Petitioner's contention that his actions could not fit within the definition of the term stealing is in error. While the act Petitioner attempted is not as basic as taking a tangible piece of property from another for one's own enjoyment, it still constitutes stealing. Had Petitioner's scheme succeeded, the IRS would have accepted the money order and forgiven $11,385.39 that he owes to the U.S. Treasury. The money would be stolen from the United States, as Petitioner's debt to the Treasury

---

[3] Respondent provided only a formulaic answer addressing *Wolff* and the "some evidence" standard, he did not address Petitioner's argument regarding notice of the prohibition.

- 4 -

would be reduced in exchange for a worthless fraudulent money order, and that would be taking without right in the words of the definition. Code 219, contained within 28 C.F.R. § 541.3, Table 1, thus, gave Petitioner notice that this conduct was prohibited as stealing. Additionally, he had adequate notice that attempting such conduct would be treated the same as committing the act itself because that is explicitly stated in the regulations. 28 C.F.R. § 541.3(a). Petitioner also admitted at the hearing that the act was attempted stealing. (Doc. 1, Ex. 4 at 2). In sum, there was no due process violation because the regulations provided sufficient notice of the prohibited conduct.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court DISMISS the Petition for Writ of Habeas Corpus (Doc. 1).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. Any objections filed should be captioned with the following case number: **CV 12-403-TUC-JGZ**.

DATED this 29th day of November, 2012.

_____
D. Thomas Ferraro
United States Magistrate Judge